**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN DREHER, <br><br> Petitioner, <br><br> v. <br><br> ALFARO ORTIZ, Administrator, East Jersey State Prison, et al. <br><br> Respondents. | CIVIL ACTION NO. 98-4816 (DRD) <br><br> **OPINION** |

Appearances

RUHNKE & BARRETT
David Ruhnke, Esq.
47 Park Street
Montclair, New Jersey 07042
*Attorney for Petitioner*

OFFICE OF THE MORRIS COUNTY PROSECUTOR
John K. McNamara, Jr., Esq.
Assistant Prosecutor
P.O. Box 900
Morristown, New Jersey 07960
*Attorney for Respondents*

### ***OPINION***

**DEBEVOISE, Senior District Judge**

Petitioner moves the Court to reinstate his petition for a writ of habeas corpus, which,

after remand from the Court of Appeals, has been held in abeyance pursuant to the Court's order

of November 13, 2003.[1]  Respondents have cross-moved to vacate the stay and for dismissal of the Petition as untimely filed under 28 U.S.C. § 2244(d) or as procedurally defaulted.  For the reasons set forth below, Petitioner's motion will be Granted.  Respondents' cross-motion will be Denied.

### *FACTS/ PROCEDURAL HISTORY*

The factual background of this case is recited in great detail in two opinions of the New Jersey Superior Court, Appellate Division, as well as in this Court's earlier opinion.  New Jersey v. Dreher, 251 N.J. Super. 408 (App. Div. 1991); New Jersey v. Dreher, 302 N.J. Super. 408 (App. Div. 1997); Dreher v. Pinchak, No. 98-4816 (D.N.J. filed July 17, 2001).

Petitioner was twice tried and convicted in the Superior Court of New Jersey for the murder of his wife on January 2, 1986.  The first conviction was overturned on direct appeal, and the second trial resulted in conviction on May 10, 1995.[2]  Petitioner appealed a number of the trial judge's rulings to the New Jersey Superior Court, Appellate Division, which affirmed the conviction.  302 N.J. Super. 408.  A petition for certification was denied by the New Jersey Supreme Court later that year.  152 N.J. 10 (1997).  A petition for a writ of certiorari to the United States Supreme Court was denied on June 22, 1998.  Dreher v. New Jersey, 524 U.S. 943

---

[1] In his moving papers, Petitioner additionally argues that if the stay is vacated, the Court should grant his petition based on the merits of the "junk science" claim.  However, during oral argument, Counsel for Petitioner conceded that the law of the case doctrine dictates that the Court abide by its July 17, 2001 ruling on this point and dismiss the entire petition on the merits.

[2] Petitioner was found guilty of the following offenses: purposeful murder, N.J.S.A. 2C:11-3a(1); knowing murder, N.J.S.A. 2C:11-3a(2); purposeful infliction of serious bodily injury resulting in death, N.J.S.A. 2C:11-3a(1); knowing infliction of serious bodily injury resulting in death, N.J.S.A. 2C:11-3a(2); conspiracy to commit murder, N.J.S.A. 2C:11-3a, 2C:5-2; and possession of a knife for an unlawful purpose, N.J.S.A. 2C:39-4d.

(1998).

On October 21, 1998, Petitioner requested relief from this Court pursuant to 28 U.S.C. § 2254. The Petition raised twelve grounds for relief, all of which alleged errors of constitutional dimension made by the trial court during the second trial: 1) erroneous restrictions placed on the cross-examination of Nance Seifrit; 2) the erroneous admission of the testimony of Dr. Ernest Tucker (the "Junk Science" claim); 3) an erroneous jury instruction on reasonable doubt; 4) improper utilization of petitioner's pre-arrest silence as evidence of guilt; 5) deliberate destruction of rough interview notes directed by the Morris County Prosecutor's Office; 6) the admission of pre-hypnotically-refreshed testimony given by Austin Lett; 7) the admission of Lett's testimony coupled with the loss, destruction or falsification of police reports containing Lett's pre-hypnotic recollections; 8) the exclusion of contemporaneous laboratory notes regarding the observation of a sperm cell; 9) the admission of improper hearsay regarding the absence of 'street information' concerning the crime; 10) failure to conduct an adequate inquiry into evidence of extraneous influence on the jury; 11) refusal to instruct the jury on the unavailability of Nathan Seifrit; and 12) erroneous limitations placed on the cross-examination of a state investigator.

When answering the Petition, the State conceded that Petitioner exhausted all state remedies with regard to these claims, with the exception of claim #4. Petitioner subsequently withdrew that claim. On July 17, 2001, this Court denied relief on the merits.[3] The Court issued a certificate of appealability, and Petitioner filed a timely notice of appeal with the Court of

---

[3] In its opinion, this Court agreed that Petitioner had exhausted all State remedies for the remaining claims.

Appeals.

After hearing oral argument, the Court of Appeals ordered additional briefing on the question of whether the State had expressly waived the exhaustion requirement in this case. Although the State admitted that it conceded exhaustion in its answer to the petition, after additional questioning by the Court, the State argued that it had not expressly waived exhaustion within the meaning of 28 U.S.C. § 2254(b)(3). Dreher v. Pinchak, 61 Fed. Appx. 800, 802-803 (3rd Cir. 2003). The Court agreed with the State's revised position. On March 3, 2003, the Court of Appeals ruled that although the State conceded that Plaintiff had exhausted state remedies, the State had not expressly waived this requirement. Id. The Court further held that Petitioner had indeed failed to exhaust state remedies for at least one of his claims (the "Junk Science" claim), because before the State courts this question was framed as an evidentiary question under State law instead of a federal constitutional question. The Court of Appeals held that Petitioner's failure to exhaust this claim rendered this a mixed Petition of exhausted and unexhausted claims. Citing the Supreme Court's decision in Rose v. Lundy, 455 U.S. 509 (1982), the Court remanded the case to this Court with instructions to dismiss without prejudice. Petitioner filed a motion for rehearing with the Court of Appeals, which was denied on March 31, 2003. Petitioner additionally petitioned the Supreme Court for, and was denied, a writ of certiorari. Dreher v. Pinchak, 540 U.S. 888 (2003).

On August 6, 2003, Petitioner filed a request for post-conviction relief ("PCR") in the New Jersey Superior Court, Law Division. The petition alleged three grounds for relief: (1) that the trial was rendered unfair, in violation of the due process clause, by the admission of the medical examiner's testimony (the "junk science" claim); (2) that Petitioner's trial was rendered

4

unfair, in violation of the due process clause, by the admission of evidence regarding Petitioner's pre-arrest silence (this was a revision of the previously withdrawn point #4); and (3) that Petitioner had been denied the effective assistance of appellate counsel because counsel failed to present these arguments in federal constitutional terms, thereby exhausting state remedies and preserving these arguments for the habeas petition.

On November 11, 2003, this Court, entered an order, consented to by respondents, to hold this matter in abeyance in order to allow Petitioner the opportunity to exhaust his State remedies.[4] On April 23, 2004, the Law Division denied Petitioner's request for PCR as procedurally barred.[5] Petitioner appealed to the New Jersey Superior Court, Appellate Division, which affirmed the Law Division's decision on August 22, 2005. Petitioner next requested, and on November 17, 2005, was denied certification by the New Jersey Supreme Court. Petitioner now moves this Court to vacate the stay of this case and consider the petition on the merits. Respondents cross-

---

[4]The Court of Appeals instructed this Court to "vacate its order and dismiss the petition for habeas corpus without prejudice." see Dreher, 61 Fed. Appx. at 806. However, the Petitioner moved, and the State consented, to stay and hold in abeyance the proceedings in the interest of resolving this matter as promptly as possible once State remedies were exhausted. The abeyance accomplished the intended goal, as Petitioner has now been afforded the opportunity to attempt to exhaust state remedies before continuing with the habeas petition. Subsequently, in Crews v. Horn, 360 F.3d 146, 151-52 (3d Cir. 2004), the Court of Appeals specifically held that "[s]taying a habeas petition pending exhaustion of state remedies is a permissible and effective way to avoid barring from federal court a petitioner who timely files a mixed petition." This procedure has received Supreme Court approval. Rhines v. Webber, 544 U.S. 269 (2005).

In the instant case the Court of Appeals' mandate was to dismiss the petition without prejudice, suggesting that upon satisfying all exhaustion requirements, Petitioner would be able to continue to pursue his case on the merits. If the petition had been dismissed outright at that time, it is likely that even if Petitioner exhausted his State remedies the statute of limitations provision of 28 U.S.C. § 2244(d) would have prevented him from filing a new § 2254 habeas petition, thus defeating the intent of the Court of Appeals that, if he met the exhaustion requirements, Petitioner could proceed on the merits.

[5]Petitioner's judgment of conviction was entered on June 16, 1995.

move to vacate the stay and dismiss the petition as time-barred under 22 U.S.C. § 2244(d), or in the alternative to dismiss the petition as procedurally defaulted because the state courts did not consider Petitioner's PCR claims on the merits; rather, they held that they were barred because they were not brought within the 5-year limitation imposed by N.J. Ct. R. 3:22-12(a).

## *DISCUSSION*

I.   Timeliness

Respondents contend that vacating the stay and reactivating this case is barred by the limitations period set forth in 28 U.S.C. § 2244(d).[6] On June 22, 1998, the United States

---

[6]   28 U.S.C. § 2244(d) states:
(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Supreme Court denied Petitioner's petition for a writ of certiorari, thus starting the § 2244(d)(1)(A) 1-year limitation period. Petitioner filed his petition in this Court on October 21, 1998, well within the 1-year period.

Respondents, however, argue that notwithstanding the timely filing of the Petition, vacating the stay and reinstating the petition must be accomplished within a 1-year period commencing October 6, 2003, giving credit to any tolling permitted under § 2244(d)(2) for time during which a properly filed application for a State post conviction relief is pending. Respondents arrive at the ultimate conclusion that the petition is time-barred by a curious route. Respondents are willing to concede that because the State had initially conceded that Petitioner had exhausted his State remedies, equitable tolling of the 1-year statute might be applicable from the time of Petitioner's answer containing the concession until the mixed petition issue was finally resolved by the United States Supreme Court's October 6, 2003 denial of Petitioner's petition for a writ of certiorari to review the Court of Appeals' ruling. Apparently Respondents do not charge Petitioner with the time between the date when the State Court judgment became final and the date when Petitioner filed his petition. When the Supreme Court denied certiorari, Respondents contend, the 1-year period began running.

Respondents further contend that Petitioner's PCR proceedings in the State Court did not toll the 1-year period under the provisions of § 2244(d)(2) because only a "properly filed" application for State post-conviction relief will toll the § 2244(d)(2) limitations period. Pace v. DiGuglielmo, 544 U.S. 408 (2005). Petitioner's PCR application was not properly filed as it was filed outside the 5-year time limit of N.J. Ct. R. 3:22-12(a). The instant motion to reinstate the Petition has been filed many years after the trigger date of October 6, 2003 that Respondents

7

have posited and, therefore, Respondents argue, the petition is untimely.

The fallacy of Respondents' argument lies in the fact that the petition, which is the subject of Petitioner's motion, is the petition that was timely filed on October 21, 1998. The events that have transpired since that date, and that Respondents have drawn upon so imaginatively, have had no effect on the timeliness of the petition's filing. It was timely then and it remains timely. The critical issue is not timeliness; the critical issue is whether Petitioner has exhausted his Junk Science claim in view of the fact that the State Courts dismissed his PCR application asserting those claims on procedural grounds.

II.     Exhaustion

It is well established that before a district court can entertain a federal habeas petition, a petitioner must first exhaust his federal claims in State court. 28 U.S.C. § 2254(b), (c); Rose v. Lundy, 455 U.S. 509, 510 (1982). Exhaustion requires that petitioner present in substance the same claim he is now seeking to have the federal courts review. Vasquez v. Hillery, 474 U.S. 254, 257 (1986). Even if a State court fails to rule on the merits of a claim, a properly presented claim will be considered exhausted. Swanger v. Zimmerman, 750 F.2d 291, 295 (3d Cir. 1984). When a State court refuses to consider a petitioner's claim due to a violation of state procedural rules, federal courts are generally barred from considering the claim. Johnson v. Pinchak, 392 F.3d 551, 556 (3rd Cir. 2004). However, exhaustion is not required where pursuit of State remedies would be futile. Szuchon v. Lehman, 273 F.3d 299, 323-24 n. 14 (3d Cir.2001). Additionally, a petitioner will be excused from a procedural default if he is able to establish

"cause" for the default and "prejudice" attributable to that cause. Wainwright v. Sykes, 433 U.S. 72 (1972).

The existence of cause for a procedural default must ordinarily turn on whether petitioner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule. Murray v. Carrier, 477 U.S. 478, 488 (1986); see also Johnson v. Pinchak, 392 F.3d 551, 563 (3rd Cir. 2004); Slutzker v. Johnson, 393 F.3d 373, 383 (3rd Cir. 2004). A showing that the factual or legal basis for a claim was not reasonably available to counsel, or that some interference by officials, made compliance impracticable, would constitute cause under this standard. Murray 477 U.S. at 488 (citations omitted). The cause and prejudice exception is indeed based on "equitable considerations." Hubbard v. Pinchak, 378 F.3d 333, 338 (3rd Cir. 2004).

In the present case, although the State courts refused to consider the "junk science" claim on the merits, cause and prejudice exist due to Petitioner's detrimental reliance on Respondents' initial concession regarding exhaustion of State remedies. Petitioner was convicted on May 10, 1995. The State Court judgment became final on June 22, 1998 when the United States Supreme Court denied certiorari. He filed his habeas petition on October 21, 1998. Respondents filed their answer to the petition on February 16, 1999, well before the 5-year limitation for post-conviction applications would have applied in this case. This would have given Petitioner more than enough time to return to the State court to exhaust his remedies on the merits. However, in answering the petition, Respondents conceded that Petitioner had exhausted State remedies. Oral argument in front of the Court of Appeals occurred more than two years later (after the 5-year limitation period had expired). At that time, upon being questioned *sua sponte* by the Court,

Respondents changed their position, and argued that Petitioner had not exhausted State remedies. By that time, it was too late for Petitioner to take appropriate corrective action within the period mandated by New Jersey Court Rules.

Respondents' "change of heart" demonstrates an objective factor external to the defense that impeded counsel's efforts to comply with the State's procedural rules. Equity and fairness require that the State not be permitted to exact this sort of ambush on an unsuspecting Petitioner. Petitioner has demonstrated prejudice in that if Respondents' position were accepted Petitioner would be deprived of the opportunity to pursue a number of serious constitutional claims addressed in this Court's July 17, 2001 opinion.

## *CONCLUSION*

In light of the foregoing considerations, Petitioner's procedural default is excused, and his junk science claim has been exhausted. His motion to reinstate the Petition and vacate the stay of proceedings is granted. The Respondents' motion to dismiss the Petition as untimely filed or procedurally defaulted will be denied. In its July 17, 2001 opinion, the Court ruled against Petitioner on the merits of all twelve of his claims, including the junk science claim. For the same reasons the Court holds against the Petitioner and will dismiss the petition on the merits. Because substantial constitutional issues are raised, a certificate of appealability will issue. The Court will file an Order implementing this opinion.

                                                  /s/ Dickinson R. Debevoise
                                                  Dickinson R. Debevoise, U.S.S.D.J.

May 9, 2006